UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FRANCISCO MUNOZ,                )
                                )   No. CV-12-5012-CI
        Plaintiff,              )
                                )   ORDER GRANTING PLAINTIFF'S
v.                              )   MOTION FOR SUMMARY JUDGMENT
                                )
CAROLYN W. COLVIN, Commissioner )
of Social Security,[1]          )
                                )
        Defendant.              )
                                )
                                )

BEFORE THE COURT are cross-motions for Summary Judgment.  ECF No. 17, 22.  Attorney D. James Tree represents Francisco Munoz (Plaintiff); Special Assistant United States Attorney Terrye E. Shea represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to FED. R. CIV. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit.  42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

1                            **JURISDICTION**

2        On December 5, 2007, Plaintiff filed an application for

3   supplemental security income, alleging disability beginning January

4   1, 2005.  Tr. 20; 110.  Plaintiff reported that his ability to work

5   was limited by seizures, diabetes, deafness in his right ear,

6   blurred vision and a dislocated arm.  Tr. 115.  Plaintiff's claim

7   was denied initially and on reconsideration, and he requested a

8   hearing before an administrative law judge (ALJ).  Tr. 61-95.  A

9   hearing was held on July 14, 2010, at which vocational expert Jinny

10  Lou Lawson, and Plaintiff, who was represented by counsel,

11  testified.  Tr. 34-60.  ALJ Caroline Siderius presided.  Tr. 34.

12  The ALJ denied benefits July 28, 2010.  Tr. 20-29.  The instant

13  matter is before this court pursuant to 42 U.S.C. § 405(g).

14                      **STATEMENT OF THE CASE**

15       The facts of the case are set forth in detail in the transcript

16  of proceedings and are briefly summarized here.  At the time of the

17  hearing, Plaintiff was 51 years old.  Tr. 41.  He attended school

18  through the eighth grade, was in special education, and eventually

19  obtained his GED.  Tr. 41; 49.  He estimated he has been convicted

20  of six or seven DUIs, and he had been incarcerated on a felony

21  sexual assault conviction.  Tr. 42.  He lives with his father in a

22  trailer.  Tr. 43; 46.

23       Plaintiff has worked in various jobs in agriculture, but he

24  testified that he can no longer work due to problems with his lower

25  back.  Tr. 43-44; 105-09.  He has undergone surgery on his back, but

26  he still has pain in both his legs and back.  Tr. 44.  Plaintiff

27  said can walk up to a quarter of mile, but he has to take a break,

28  and he can stand for 15 minutes before he experiences pain in his

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

legs and back and must rest.  Tr. 45; 50.

Plaintiff testified that he sleeps most of the day, and his household chores are handled by his niece and his father.  Tr. 46. Plaintiff testified that he has experienced symptoms of depression and anxiety his entire life, but the symptoms have improved since he began medication.  Tr. 47.  He attempted suicide in 2009, and reports he still experiences suicidal thoughts regularly.  Tr. 51. Plaintiff testified that since he stopped using street drugs in 2008, he has suffered one "minor relapse." Tr. 52.  He testified that he has not drank alcohol in a couple of years.  Tr. 43.

### ADMINISTRATIVE DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 5, 2007.  Tr. 22.  At step two, she found Plaintiff had the severe impairments of chronic low back pain status post low back surgery, history of Hepatitis C in remission/dormant, and an affective disorder (depression).  Tr. 22.  At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).  Tr. 23.  The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform a "somewhat restricted light exertion" range of work:

> Physically, the claimant is limited as follows: can lift/carry 20 pounds occasionally and 10 pounds frequently; can sit up to six hours a day; can stand and walk up to six hours a day; and can occasionally stoop and crouch.  Mentally, the claimant is limited as follows: limited to simple, but not detailed, repetitive 1 to 3 step tasks; must be given instructions either verbally or written; and only occasional contact with coworkers and the public. (See Ex. 5F/1, 22F/1,3) Consequently, the claimant has the residual functional capacity to perform a somewhat restricted light exertion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

1  Tr. 24.

2       In step four findings, the ALJ found Plaintiff's statements

3  regarding pain and limitations were not credible to the extent they

4  were inconsistent with the RFC findings.  Tr. 25-26.  Also, the ALJ

5  found that Plaintiff is unable to perform past relevant work.  Tr.

6  27.  The ALJ concluded that jobs exist in significant numbers in the

7  national  economy  that  Plaintiff  can  perform,  and  cited

8  "representative  occupations"  such  as  housekeeping  cleaner  and

9  document preparer.  Tr. 28.

10                        **STANDARD OF REVIEW**

11       In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

12  court set out the standard of review:

13          A district court's order upholding the Commissioner's
            denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
14          211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
            Commissioner may be reversed only if it is not supported
15          by substantial evidence or if it is based on legal error.
            *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
16          Substantial evidence is defined as being more than a mere
            scintilla, but less than a preponderance.  *Id.* at 1098.
17          Put another way, substantial evidence is such relevant
            evidence as a reasonable mind might accept as adequate to
18          support a conclusion.  *Richardson v. Perales*, 402 U.S.
            389, 401 (1971).  If the evidence is susceptible to more
19          than one rational interpretation, the court may not
            substitute its judgment for that of the Commissioner.
20          *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
            Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
21
            The ALJ is responsible for determining credibility,
22          resolving conflicts in medical testimony, and resolving
            ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
23          Cir. 1995).  The ALJ's determinations of law are reviewed
            *de novo*, although deference is owed to a reasonable
24          construction of the applicable statutes.  *McNatt v. Apfel*,
            201 F.3d 1084, 1087 (9th Cir. 2000).
25

26       It is the role of the trier of fact, not this court, to resolve

27  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

28  supports more than one rational interpretation, the court may not

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§

1  404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

2                              **ISSUES**

3        The question presented is whether substantial evidence exists

4  to support the ALJ's decision denying benefits and, if so, whether

5  that  decision  is  based  on  proper  legal  standards.   Plaintiff

6  contends that the ALJ erred by failing to properly weigh the opinion

7  evidence, by finding Plaintiff lacked credibility and by failing to

8  identify specific jobs that Plaintiff could perform.  ECF No. 18 at

9  10-20.

10                           **DISCUSSION**

11       Plaintiff  contends  that  the  ALJ  erred  by  failing  to  properly

12  weigh the opinion evidence.[2]  In analyzing Plaintiff's credibility,

13  the  ALJ  briefly  addressed  some  of  the  medical  records.   Tr. 26.

14  However,  the  ALJ  failed  to  specifically  address  and  discuss  the

15  conflicting medical opinion evidence, and the ALJ failed to explain

16  how the various opinions were weighed, and why certain opinions were

17  rejected.   Instead, the ALJ addressed the medical opinion evidence

18  in two sentences:

19            As for the opinion evidence, the record does contain
          physical general assistance evaluations in which examiners
20        have indicated that since [the] application date[,] the
          claimant has been able to perform physical work activity
21        at  least  commensurate  with  at  least  light  work  (Ex.
          21F/20-23).   The record does evidence that the claimant
22        has received additional treatment resulting in significant
          objective improvements.

23

24  Tr. 27.  The  Ninth  Circuit  has  "made  it  clear  that  the  medical

25  opinions of a claimant's treating physicians are entitled to special

26  ────────────────

27       [2]Because this issue is dispositive, the court does not address

28  Plaintiff's other contentions.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

weight and that, if the ALJ chooses to disregard them, 'he must set forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence.'" *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988), quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986).   "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton*, 799 F.2d at 1408.   Even if a treating physician's opinion is controverted, the ALJ must provide specific, legitimate reasons for rejecting it.   *Id.*

In this case, the record reveals treating and examining medical provider opinions that indicate Plaintiff was not capable of light work, and in some opinions, not capable of sustaining full time employment.   For example, on November 5, 2007, Christopher J. Clark, M.Ed., assessed Plaintiff with marked limitations in expression of anger, physical complaints and global illness.   Tr. 180.   Mr. Clark also assessed Plaintiff with a marked limitation in social functioning, along with three moderate limitations related to the ability to respond appropriately and tolerate a work environment. Tr. 181.   Additionally, Mr. Clark opined that Plaintiff had moderate limitations in four of five cognitive factors.   Tr. 181.

Similarly, on January 9, 2008, Vivek K. Shah, M.D., Plaintiff's treating physician, opined Plaintiff was capable of performing only sedentary work due to back pain and Hepatitis C.   Tr. 202-04. Additional medical records reveal assessments that indicate Plaintiff has severe and moderate limitations related to his ability to perform light work, and some records assess limitations related to Plaintiff's ability to sustain gainful employment.   *See, e.g.,*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

1  Tr. 325-27; 335-37; 341-43; 346; 352-55; 361-66.

2      In interpreting the evidence and developing the record in a
3  social security disability case, the ALJ need not discuss every
4  piece of evidence, but the ALJ must explain why significant
5  probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d
6  1393, 1394-95 (9th Cir. 1984); *Howard v. Barnhart*, 341 F.3d 1006,
7  1012 (9th Cir. 2003).   The ALJ failed to explain why she rejected
8  significant probative evidence from several medical sources that
9  indicate Plaintiff is incapable of light work.   Where a material
10  conflict in the evidence is present, only the ALJ can resolve it.
11  *See Richardson v. Perales,* 402 U.S. 389, 28 L. Ed. 2d 842, 91 S.Ct.
12  1420 (1971).   This case must be remanded for the ALJ to provide a
13  specific and thorough summary of the facts and conflicting medical
14  evidence, along with her interpretation of, and findings related to
15  the significant, probative medical evidence in this case.

16                                **CONCLUSION**

17      Having reviewed the record and the ALJ's findings, the court
18  concludes the ALJ's decision is not supported by substantial
19  evidence and is based on legal error.   On remand, the ALJ shall
20  evaluate and explain the weight given to the opinions of the medical
21  sources, and, if necessary, provide legally sufficient reasons for
22  rejecting the opinions.   Additionally, the ALJ will revisit
23  Plaintiff's credibility and specifically identify the testimony, if
24  any, that is not credible or that undermines Plaintiff's subjective
25  complaints in accord with *Vertigan v. Halter,* 260 F.3d 1044, 1050
26  (9th Cir. 2001).   Finally, the ALJ will reevaluate her determination
27  at step four and if necessary, make new step five findings.   The
28  decision is therefore **REVERSED** and the case is **REMANDED** for further

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

1  proceedings consistent with this opinion.   Accordingly,

2       **IT IS ORDERED:**

3       1.    Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is

4  **GRANTED** and the matter is **REMANDED** to the Commissioner for

5  additional proceedings.

6       2.    Defendant's Motion for Summary Judgment, **ECF No. 22**, is

7  **DENIED.**

8       3.    An application for attorney fees may be filed by separate

9  motion.

10      The District Court Executive is directed to file this Order and

11 provide a copy to counsel for Plaintiff and Defendant. Judgment

12 shall be entered for Plaintiff, and the file shall be **CLOSED.**

13      DATED June 6, 2013.

14

15           ___S/ CYNTHIA IMBROGNO___

16           UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 9